# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| BEN HAMBRICK, | : | CASE NO. 1:22-cv-758 |
| | : | |
| Plaintiff, | : | JUDGE: |
| | : | |
| v. | : | |
| | : | |
| JUSTIN STURGILL TRUCKING, LLC | : | |
| | : | PLAINTIFF'S COMPLAINT |
| and | : | |
| | : | |
| JUSTIN STURGILL, | : | |
| | : | |
| Defendants. | : | |

COMES NOW Plaintiff Ben Hambrick ("Plaintiff"), by and through his undersigned legal counsel, and for his Complaint against Defendants Justin Sturgill Trucking, LLC ("Sturgill Trucking") and Justin Sturgill, (collectively, "Defendants") alleges as follows:

## JURISDICTION, VENUE, AND PARTIES

1. Plaintiff is a resident of Ohio and is a resident of this judicial district. He is a former employee of Defendants.

2. Defendant Sturgill Trucking is a Domestic, For-Profit Limited Liability Company in Ohio.

3. Defendant Sturgill Trucking's principal place of business located at 5507 Belcross Court, Cincinnati, OH 45238.

4. Defendant Justin Sturgill is the owner and registered agent of Defendant Sturgill Trucking.

1

5. The Court has jurisdiction over Plaintiff's Complaint because his claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

6. The Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same transaction or occurrence and share a common nucleus of operative fact with his federal claims.

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred herein and Defendant is otherwise subject to the personal jurisdiction of Ohio and this Court.

## FACTUAL ALLEGATIONS

8. Defendant Sturgill Trucking is a trucking company that transports materials interstate.

9. Defendant Sturgill Trucking maintains a facility in Cincinnati, Ohio.

10. Plaintiff was employed by Defendants from October 2, 2022, to October 7, 2022.

11. Plaintiff was employed as a Dump Truck Driver for Defendants.

12. As part of his job duties, Plaintiff was required to transport materials interstate to locations dictated by Defendants.

13. Defendants agreed to pay Plaintiff $28 per hour.

14. During Plaintiff's employment, Defendants provided Plaintiff with a dump truck to complete the designated routes for Defendants.

15. During Plaintiff's employment, the dump truck's tarp was damaged on one of Plaintiff's routes.

16. Defendants told Plaintiff that he would not receive his earned wages because of the damage to the dump truck's tarp.

17. Defendants have failed and refused to fully compensate Plaintiff for the work he performed during his employment. Plaintiff remains uncompensated for wages he earned during his employment with Defendants.

18. Upon information and belief, Defendant Justin Sturgill is responsible for the pay practices complained of herein.

## CAUSES OF ACTION

### Count I: Violation of the Fair Labor Standards Act

### (As to All Defendants)

19. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that Defendants violated the FLSA, 29 U.S.C. § 206(a) by failing and refusing to compensate Plaintiff under the required minimum wage.

20. 29 U.S.C. § 206(a) requires employers to pay each employee the federal minimum wage.

21. Defendants are "employers" within the meaning of the FLSA.

22. Plaintiff is an "employee" within the meaning of the FLSA.

23. Defendants have failed to remit the federal minimum wage to Plaintiff for hours worked during the pay period described above.

24. As a direct and proximate result of Defendants' unlawful action, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

### Count II: Violation of Ohio Revised Code § 4111.02

### (As to All Defendants)

25. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that Defendants violated Ohio Rev. Code § 4111.02 by failing and refusing to compensate Plaintiff the required minimum wage.

26. Ohio Rev. Code § 4111.02 requires employers to pay each of their employees at a wage not less than the wage rate specified in Section 34a of Article II, Ohio Constitution.

27. Defendants are "employers" under Ohio law.

28. Plaintiff is an "employee" under Ohio law.

29. Defendants have failed to remit the state minimum wage to Plaintiff for hours worked in the pay period described above.

30. As a direct and proximate result of Defendants' unlawful action, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

**Count III: Violation of Ohio Revised Code § 4113.15(B)**

**(As to Defendant Sturgill Trucking)**

31. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that Defendant Sturgill Trucking violated Ohio Rev. Code § 4113.15(B), the Ohio Prompt Pay Act ("OPPA"), by failing and refusing to compensate Plaintiff in a timely fashion.

32. OPPA mandates employees be paid in a timely fashion and provides penalties for an employer's failure to provide prompt payment.

33. Defendant Sturgill Trucking has failed and refused to fully compensate Plaintiff for the work he performed for Defendant Sturgill Trucking.

34. As a direct and proximate result of Defendant Sturgill Trucking's unlawful action, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

### Count IV: Violation of Ohio Revised Code § 4113.19

### (As to Defendant Sturgill Trucking)

35. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that Defendant Sturgill Trucking violated Ohio Rev. Code § 4113.19 by retaining Plaintiff's wages for the damaged done to the dump truck's tarp.

36. Ohio Rev. Code § 4113.19 prohibits employers without an express contract with its employee from deducting or retaining wages of an employee for tools or machinery that is destroyed or damaged.

37. Defendant Sturgill Trucking did not have an express contract with Plaintiff that agreed to deducting or retaining his wages for breakage to machinery or tools.

38. Defendant Sturgill Trucking has retained wages that Plaintiff earned during his employment for the damage done to the dump truck's tarp.

39. As a direct and proximate result of Defendant Sturgill Trucking's unlawful action, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

### Count V: Breach of Express Contract

### (As to Defendant Sturgill Trucking)

40. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

41. At all times relevant, there was an express contract between Plaintiff and Defendant Sturgill Trucking whereby Plaintiff would transport materials interstate at the direction of Defendant for a wage of $28 per hour.

42. Defendant Sturgill Trucking has failed and refused to fully compensate Plaintiff for the work he performed, breaching the express contract.

43. As a direct and proximate result of Defendant Sturgill Trucking's breach of the express contract, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

## Count VI: Quantum Meruit
### (As to Defendant Sturgill Trucking)

44. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

45. In the alternative, if there was no enforceable contract between the parties, Plaintiff is entitled to recovery of the unpaid wages as Defendant Sturgill Trucking would incur an unjust benefit if it does not fully compensate Plaintiff for the work he performed.

46. Plaintiff conferred a benefit upon Defendant Sturgill Trucking when Plaintiff completed the routes Defendants designated.

47. Defendant Sturgill Trucking knew that Plaintiff conferred this benefit as Plaintiff completed the designated routes.

48. Defendant Sturgill Trucking retained the benefit that Plaintiff had conferred but have failed and refused to fully compensate Plaintiff for the work he performed.

49. Because Defendant Sturgill Trucking knowingly retained this benefit under circumstances where it would be unjust to do so without compensating Plaintiff, Defendant Sturgill Trucking incurred an unjust benefit.

## Count VII: Unjust Enrichment

### (As to Defendant Sturgill Trucking)

50. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

51. In the alternative, if there was no enforceable contract between the parties, Plaintiff is entitled to recovery of the unpaid compensation as Defendant Sturgill Trucking would be unjustly enriched if it does not fully compensate Plaintiff for the work he performed.

52. Plaintiff conferred a benefit upon Defendant Sturgill Trucking when Plaintiff completed the routes that Defendants designated.

53. Defendant Sturgill Trucking knew that Plaintiff conferred this benefit as Plaintiff completed the designated routes.

54. Defendant Sturgill Trucking retained the benefit that Plaintiff had conferred but has failed and refused to fully compensate Plaintiff for the work he performed.

55. Because Defendant Sturgill Trucking knowingly retained this benefit under circumstances where it would be unjust to do so without compensating Plaintiff, Defendant Sturgill Trucking was unjustly enriched.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff here by demands judgment against Defendants as follows:

1. Judgment that Plaintiff is an employee entitled to protection under the FLSA and Ohio State law;

2. Judgment against Defendants for violation of the minimum wage provisions of the FLSA and Ohio state law;

3. Judgment that the Defendants' violations of the FLSA were willful;

4. Judgment against Defendant Sturgill Trucking for violation of the ORC § 4113.19;

5. Judgment against Defendant Sturgill Trucking for their breach of contract;

6. An award to Plaintiff for the amount of unpaid wages owed, and liquidated damages under federal and state law;

7. An award of double damages for violation of Ohio Rev. Code § 4113.19 as described under Ohio Rev. Code § 4113.20;

8. An award of post-judgment interest;

9. An award of reasonable attorneys' fees and costs; and

10. For other and further relief, in equity, as this Court may deem appropriate.

    /s/ *Matthew S. Okiishi*
Matthew S. Okiishi (Ohio Bar No. 0096706)
FINNEY LAW FIRM LLC
4270 Ivy Pointe Blvd., Ste 225
Cincinnati, Ohio 45245
(513) 943-6659
Fax: (513) 943-6669
matt@finneylawfirm.com

*Counsel for Plaintiff*