UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BEN HAMBRICK., | : | CASE NO. 1:22-cv-00758-SJD |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Stephanie K. Bowman |
| v. | : | |
| | : | MEMORANDUM OPINION AND |
| JUSTIN STURGILL | : | ORDER |
| TRUCKING LLC, et al. | : | |
| | : | |
| Defendants | : | |

This matter is before the Court on the parties' Joint Motion to Approve Settlement Agreement and Dismissal with Prejudice, each party to bear its own costs. (Doc. No. 4 ) The motion seeks the Court's approval of a settlement agreement resolving Plaintiff's claims for unpaid wages filed under the federal Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, et seq.), under the Ohio Minimum Fair Wages Standards Act (Ohio Rev. Code § 4111.02), under the Ohio Prompt Pay Act (Ohio Rev. Code § 4113.15), under Ohio Rev. Code §4113.19, and claims for breach of express contract, quantum meruit, and unjust enrichment.

For the reasons that follow, the motion is granted, the settlement is approved, and this case is dismissed with prejudice.

A. Background

Plaintiff Ben Hambrick ("Hambrick") alleges in the complaint that he was an hourly nonexempt employee under the FLSA, and that his employer defendant Justin Sturgill Trucking, LLC and its owner Justin Sturgill, failed to timely pay his wages resulting in violation of the FLSA, certain Ohio wage and hour laws, and giving rise to additional claims under the common law and at equity. (Doc. No. 1 ["Compl."].) Defendants were not served with the Complaint, however Defendants' counsel entered an appearance in this matter on May 15, 2023 (Doc. No. 2 ["Entry of Appearance"]).

The parties have now resolved this matter, and filed their joint motion for approval of the settlement agreement and dismissal of this action with prejudice. The settlement agreement was submitted to the Court as Exhibit 1 to the parties' joint motion.

## B. Discussion

### 1. Applicable Law

The central purpose of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq., is to protect covered employees from labor conditions that are detrimental to maintaining a minimum standard of living necessary for the health and well-being of the workers. Crawford v. Lexington-Fayette Urban County Gov., Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008) (quoting 29 U.S.C. § 202) (further citation omitted). To this end, "[a]n employee's claims under the FLSA generally are non-waivable and may not be settled without supervision of either the secretary of Labor or a district court." Bailey v. Black Tie Mgmt. Co. LLC, 2020 U.S. Dist. LEXIS 144274, *4-5, (S.D.Ohio Aug. 12, 2020), citing Vigna v. Emery Fed. Credit Union, No. 1:15-cv-51, 2016 U.S. Dist. LEXIS 166605, at *6 (S.D. Ohio Dec. 2, 2016). As in this case, when the parties request the Court's approval of the proposed settlement of FLSA claims, "the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." Id. (citing Vigna, 2016 U.S. Dist. LEXIS 166605, at *6-7). However upon finding that the parties have reached a reasonable compromise of the FLSA issues in controversy, the Court's approval of the settlement is appropriate, as it serves the public interest of promoting settlements of litigation. Bailey, U.S. Dist. LEXIS 166605, at *5.

The Sixth Circuit has identified the following seven factors a court may consider in determining whether the settlement of FLSA claims is 'fair and reasonable:' (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the

settlement." Id. (citing Snide v. Disc. Drug Mart, Inc., No. 1:11CV244, 2013 U.S. Dist. LEXIS 40078, at *3-4 (N.D. Ohio Feb. 27, 2013)). However as not all cases will turn on all seven of these factors, "the Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." Redington v. Goodyear Tire & Rubber Co., No. 5:07CV1999, 2008 WL 3981461, at *11 (N.D. Ohio Aug. 22, 2008).

Additionally, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. See generally Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999) (citing Blum v. Stenson, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." Id. (quoting Blum, 465 U.S. at 897) (internal quotation marks and further citations omitted).

### 2. Analysis

In this case, Plaintiff maintains that he worked as an hourly nonexempt employee for Defendants from Sunday, October 2, 2022 through Saturday, October 7, 2022 (Compl. ¶ 10), at an agreed rate of $28.00 per hour (Compl. ¶ 13), and was not paid for the hours he worked during that week. (Compl. ¶¶ 16-17). Plaintiff does not allege in his Complaint that Defendants failed to pay any overtime wages for that workweek. Plaintiff also alleges that Defendants unlawfully offset the wages owed to Plaintiff because of damage done to the tarp of Defendant's dump truck while it was being operated by the Plaintiff (Compl. ¶ 35).

The Court has reviewed the terms of the Parties' Settlement Agreement and find the settlement to adequately compensate Plaintiff for his alleged FLSA damages, and to be a fair and reasonable resolution of the parties' bona fide dispute. The settlement was negotiated at arms-length by the Parties, and there is no evidence of fraud or collusion. The amount to be paid to Plaintiff under the Settlement Agreement, exclusive of his attorneys fees, is more than 2.5 times

the amount of those wages which would be owed to Plaintiff for up to 40 hours of work at the agreed hourly rate of pay. In addition, Defendants are also releasing Plaintiff from any claims for damages to the Defendant's equipment, which if brought as a counterclaim in the instant litigation would be for an amount that is at least equal to the amount of the Plaintiff's unpaid wages. The Court is not in a position to assess the likelihood of success on the merits because of the early stage at which this case has been resolved, and this is an individual, rather than class or collective action. However, the Court concludes that all of the other relevant factors weigh in favor of approving the settlement.

The Court also concludes that the award of attorney fees to plaintiffs' counsel is reasonable given that this case was resolved before fees and expenses associated with discovery, motion practice, and possibly a trial, were incurred.

## C. Conclusion

For the foregoing reasons, the parties' joint motion is granted and the Court approves the Parties' Settlement Agreement and dismisses this matter with prejudice. The Court shall, however, retain jurisdiction over this matter as necessary to enforce the terms of the Parties' Settlement Agreement. IT IS SO ORDERED.

Dated: May 25, 2023

HONORABLE SUSAN J. DLOTT
UNITED STATES DISTRICT JUDGE